UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Richard Green, Jr.,

        Plaintiff,

                                **MEMORANDUM OPINION
                                AND ORDER**

v.                                    Case No. 17-03714 (MJD/FLN)

All Wheels Financial Inc.,

        Defendant.

_____

       Plaintiff, *pro se*.

       Michael S. Dove and Dean M. Zimmerli, Gislason & Hunter LLP, Counsel for Defendant.

_____

**I.      INTRODUCTION**

       Plaintiff Richard Green brought this action against Defendant All Wheels Financial Inc., alleging that Defendant violated federal law by failing to obtain a lending license and for wrongful repossession of equipment. Defendant moves to dismiss the complaint on the basis of lack of subject matter jurisdiction or in the alternative for failure to state a claim upon which relief can be granted.[1]

---

[1] In opposition to the motion to dismiss, Plaintiff included additional allegations concerning hijacking and highway piracy. As these claims were not included in the original complaint, and

In response to the motion to dismiss, Plaintiff asked the Court for an extension of 120 days to find counsel. Previously, Plaintiff was sent a letter on September 26, 2017 referring him to the District of Minnesota's Pro Se Project. (Doc. No. 7.) A text entry on the docket for this case notes that on November 3, 2017, the Pro Se Project sent a letter to Magistrate Judge Noel informing him that attorney Mark Schneedbeck had agreed to consult with Plaintiff. A later text entry in the docket notes that on December 19, 2017, the coordinator for the Pro Se Project, Tiffany Sanders, forwarded to chambers email correspondence with Plaintiff in which Plaintiff informed her that he did not want to work with attorney Schneedbeck, and asked that she find him another lawyer. Ms. Sanders informed Plaintiff that she would not grant this request.

Despite the fact that Plaintiff had already been given an opportunity to consult with counsel, the Court nonetheless granted Plaintiff an additional thirty (30) days from the date of oral argument, February 13, 2018, to find counsel. Thirty days has since passed, and Plaintiff has not notified the Court of his efforts to retain counsel, and no attorney has filed a notice of appearance on

---

because Plaintiff did not move to amend the complaint, claims concerning hijacking and highway piracy will not be considered.

Plaintiff's behalf.  Accordingly, the Court will now address the merits of Defendant's motion to dismiss.

## II.   STATEMENT OF FACTS

In the Complaint, Plaintiff alleges that he and his grandfather, Roy H. Green entered into a loan with Defendant on August 22, 2016 concerning the purchase of two items of trucking equipment; a 2013 Peterbilt model 579 Semi and a 2017 Hyundai HTCBE trailer.  (Comp. at 4; Doc. 1-1 at 22, 23.)  Plaintiff alleges there were no issues for the first six months, and that the loan payments were between $450 and 800.  (Comp. at 4.)  After the initial six months, however, Plaintiff alleges his payments were not being honored and Defendant repossessed both the truck and trailer.  (Id.)  Plaintiff seeks a clear title for the equipment and damages resulting from the repossession of the Semi and Trailer.  Plaintiff claims this Court has jurisdiction, because Defendant, as a lender, was required to have a lending license under federal law.   (Id.)

The attachments to the Complaint show a different picture than that portrayed by Plaintiff's allegations.  For example, it appears that Richard Green Trucking, Inc. ("RGTI"), not Plaintiff, purchased the Semi from non-party Allstate Sales & Leasing Company, and financed the purchase with Defendant in

the amount of $104,738.04 ("Semi Agreement"). (Doc. 1-1 at 29-34.) Pursuant to the Semi Agreement, RGTI agreed to make monthly installment payments in the amount of $1,779.48. (Id. at 30.) At that time, Plaintiff's grandfather, Roy H. Green, also a non-party, executed a Guaranty whereby he personally guaranteed the entire indebtedness owed by RGTI to Allstate and its assigns. (Id. at 35.) The Certificate of Title shows that Defendant is the secured party. (Id. at 26.)

RGTI also purchased the Trailer from Allstate and financed the purchase with Defendant ("Trailer Agreement"), which required monthly payments of $702.68. (Id. at 41-45, 39.) The Trailer Agreement was executed by RGTI and Roy H. Green and provided that in the event of default, Defendant was entitled to take possession of the Trailer. (Id. at 39, 42.) Plaintiff executed a personal guaranty for the Trailer. (Id. at 51.)

### III.   MOTION TO DISMISS

Defendant moves to dismiss the Complaint for lack of subject matter jurisdiction as Plaintiff lacks standing and because Plaintiff has not raised a question involving federal law.

### A. Subject matter jurisdiction

A court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in the suit (subject-matter jurisdiction) and the parties ( personal jurisdiction)." Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430–31 (2007). "'Without jurisdiction the court cannot proceed at all in any cause'; it may not assume jurisdiction for the purpose of deciding the merits of the case." Id. (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)).

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Morrison v. Nat'l Australia Bank Ltd., 547 F.3d 167, 169 (2d Cir. 2008), aff'd 130 S. Ct. 2869 (2010) (quoting Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008)). A federal court is presumed to lack subject matter jurisdiction and the party invoking federal jurisdiction bears the burden of persuasion on jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

**1.    Standing**

The doctrine of standing was developed "to ensure that federal courts do not exceed their authority as it has been traditionally understood." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). It "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." Id. To have standing, the "plaintiff must have 1) suffered an injury in fact, 2) that is fairly traceable to the challenged conduct of the defendant, and 3) that is likely to be redressed by a favorable judicial decision." Id.

In this case, the claims asserted in the Complaint relate to the repossession of the Semi and Trailer. Both the Semi and the Trailer, however, are owned by the corporation RGTI, not Plaintiff Richard Green personally. A corporation is an entity separate and distinct from its stockholders and if a harm has been directed toward the corporation, then only the corporation has standing to assert a claim. Potthoff v. Morin, 245 F.3d 710, 716 (8th Cir. 2001) (citing Bankers Life & Cas. Co. v. Kirtley, 338 F.2d 1006, 1013 (8th Cir. 1964)); see also; Hutchings v. Manchester Life & Cas. Mgmt. Corp., 896 F. Supp. 946, 947 (E.D. Mo. 1995) (holding shareholder lacked standing to assert claim for conversion of assets

owned by corporation).  Thus, any wrongful repossession of the Semi and Trailer would, at best, create a claim in RGTI, not the Plaintiff.

In response to the motion to dismiss, Plaintiff filed an opposition brief in which he changed the named Plaintiff to Richard Green Trucking Inc., instead of filing an appropriate motion pursuant to the Federal Rules of Civil Procedure.[2] Because the record is clear that Plaintiff is not the owner of the Semi and Trailer, dismissal is warranted as Plaintiff lacks standing to assert the claims at issue.

## 2. Federal Question Jurisdiction

Congress vests federal district courts with subject-matter jurisdiction over cases involving questions of federal law: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal law includes an act of Congress or regulation issued under an act of Congress.  Verizon Md. Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 643 (2002) (noting that the plaintiff's claim "turns on whether the Act, or an FCC ruling issued thereunder [and therefore] falls with 28 U.S.C. § 1331's general grant of jurisdiction") (jurisdiction upheld).  "A claim

---

[2] Even if Plaintiff had properly joined RGTI in this action, the law is clear "that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."  Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985); City of Kansas City, Mo. v. Housing & Ec. Dev. Fin. Group, 366 F. App'x 732 (8th Cir. Feb. 25, 2010) (same).   Thus, without counsel, this case could not proceed if RGTI was substituted as plaintiff.

invoking federal-question jurisdiction under § 1331 may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is "immaterial and made solely to obtain jurisdiction" or is "wholly insubstantial and frivolous." Arbaugh v. Y H Corp, 546 U.S. 500, 513 n.10 (2006).

When determining whether a claim arises under federal law, a court will "examine the 'well-pleaded' allegations of the complaint and ignore potential defenses: '[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his cause of action shows that it is based upon those laws or that Constitution.'" Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003) (jurisdiction upheld) (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908) (jurisdiction lacking)).

Without citing to a specific law or regulation, Plaintiff argues that federal law requires all lenders, including Defendant, to have a lending license prior to financing equipment and motor vehicles. Because Defendant lacks a lending license, he claims that Defendant has violated federal law.

Defendant argues that the only federal law that appears to exist that requires a nationwide license for lenders is the Secure and Fair Enforcement for Mortgage Licensing Act ("SAFE Act"), which applies only to residential

mortgage loans.  See 12 U.S.C. § 5102(4).  Defendant asserts it is unaware of any federal law requiring a lending license in order to provide financing to commercial borrowers to purchase business equipment.

The Court finds that Plaintiff has failed to demonstrate that a federal law or regulation requires Defendant to have a lending license prior to financing business equipment or vehicles used for commercial purposes.  Accordingly, the Court concludes that Plaintiff has failed to demonstrate that this Court has jurisdiction based on a federal question.[3]

Because this Court lacks subject matter jurisdiction over the claims asserted, this action must be dismissed.

---

[3] Not only has Plaintiff failed to show that federal law required Defendant to have a lenders' license, Plaintiff cannot show such a requirement under Minnesota law.  Minnesota law requires a license for those acting as a sales finance company in connection with the sale of automobiles, but that requirement is limited to retail sales for non-business purposes.  A "sales finance company" is one "in the business of purchasing retail installment contracts."  Minn. Stat. § 53C.01 subdiv. 12.  "Retail installment contracts" expressly **excludes** "any agreement, entered into in this state, evidencing an installment sale of a motor vehicle purchased primarily for use in business."  Minn. Stat. § 53C.01 subdiv. 8.  In the Semi Agreement, RGTI expressly provides that the Semi will "be used solely for business purposes.  (Doc. 1-1 at 30.)

**IT IS HEREBY ORDERED** that Defendant All Wheels Financial LLC's Motion to Dismiss [Doc. No. 8] is **GRANTED**. This matter is dismissed in its entirety.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:   March 29, 2018

                                           s/ Michael J. Davis
                                           Michael J. Davis
                                           United States District Court